UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| INTERSTATE POWER AND LIGHT COMPANY, | CASE NO. 11-1002 |
| Plaintiff, | |
| vs. | COMPLAINT |
| ENERFAB, INC.; WAGNER INDUSTRIAL ELECTRIC, INC. PERFORMANCE CONTRACTING, INC., MIRON CONSTRUCTION CO. INC., NEWTRON, INC., INTERSTATE AERIALS, L.L.C., USA HOIST COMPANY, INC. | |
| Defendants. | |

## JURISDICTION AND VENUE

1. Plaintiff Interstate Power and Light Company ("IPL") is an Iowa corporation. IPL is a citizen of and is doing business in the State of Iowa with its principal place of business in Cedar Rapids, Linn County, Iowa.

2. Defendant Enerfab, Inc. ("Enerfab") is incorporated under the laws of the State of Ohio and has a principal place of business in of the State of Ohio. Defendant Enerfab is not a citizen of the State of Iowa nor does it have a principal place of business in the State of Iowa.

3. Defendant Wagner Industrial Electric, Inc. ("Wagner") is incorporated under the laws of the State of Delaware and has a principal place of business in the State

of Ohio. Defendant Wagner is not a citizen of the State of Iowa nor does it have a principal place of business in the State of Iowa.

4. Defendant Miron Construction Co., Inc. ("Miron") is incorporated under the laws of the State of Wisconsin and has a principal place of business in the State of Wisconsin. Defendant Miron is not a citizen of the State of Iowa nor does it have a principal place of business in the State of Iowa.

5. Defendant Performance Contracting, Inc. ("Performance") is incorporated under the laws of the State of Kansas has a principal place of business in the State of Kansas. Defendant Performance is not a citizen of the State of Iowa nor does it have a principal place of business in the State of Iowa.

6. Defendant Newtron, Inc. ("Newtron") is incorporated under the laws of the State of Louisiana and has a principal place of business in the State of Louisiana. Defendant Newtron is not a citizen of the State of Iowa nor does it have a principal place of business in the State of Iowa.

7. Defendant Interstate Aerials, L.L.C. ("Interstate Aerials") is incorporated under the laws of the State of New Jersey and has a principal place of business in the State of New Jersey. Defendant Interstate Aerials is not a citizen of the State of Iowa nor does it have a principal place of business in the State of Iowa.

8. Defendant USA Hoist Company, Inc. ("USA Hoist") is incorporated under the laws of the State of Illinois and has a principal place of business in the State of

Illinois. Defendant USA Hoist is not a citizen of the State of Iowa nor does it have a principal place of business in the State of Iowa.

9. IPL and Defendants are citizens of different states and complete diversity of jurisdiction exists. The United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

10. This Court has personal jurisdiction over all Defendants exclusive of interest and costs.

11. The amount of the claims herein exceeds $75,000.

12. The venue is appropriate in this Court because all of the Work as described herein was performed in Allamakee County, Iowa. Moreover, the mechanic's liens described herein all relate to real property in Allamakee County, Iowa.

## COMMON ALLEGATIONS

13. IPL incorporates herein paragraphs 1-12 above.

14. IPL is the owner of certain real property in Allamakee County, Iowa on which is located an electrical generating station, sometimes referred to as the "Lansing Generating Station, Unit 4" or "the Property."

15. IPL and Defendant Enerfab entered into a written Target Cost Construction Agreement (the "Agreement") dated July 22, 2008 which was amended from time to time thereafter.

16. The Agreement incorporates voluminous exhibits which number in the hundreds of pages. A true and accurate copy of pages 1 through 60 inclusive of Articles

3

1-25 of the Agreement and the signatures of the respective authorized representatives of the parties is attached hereto as Exhibit 1. The entire Agreement as amended from time to time after July 28, 2008 is incorporated herein by this reference.

17. The Agreement obligated Defendant Enerfab to perform the "Work," as defined by the Agreement, for installation of a Selective Catalytic Reduction System (sometimes referred to as the "SCR") at the Lansing Generating Station. By later amendment the Agreement was amended to require Defendant Enerfab to construct an Activated Carbon Injection System and Pulse Jet Fabric Filter (sometimes referred to as the "Baghouse.")

18. IPL issued to Defendant Enerfab the requisite notice to proceed and Defendant Enerfab did, in fact, proceed with the performance of the Work.

19. Defendant Enerfab entered into subcontract agreements (hereinafter the "Subcontracts") with various subcontractors, including Defendants Wagner, Performance, Miron, Newtron, Interstate Aerials and USA Hoist (collectively "Subcontractors") to perform portions of the Work.

20. Defendant Enerfab and the Subcontractors performed Work called for by the Agreement.

21. IPL made certain payments to Defendant Enerfab during the progress of the Work.

4

22. Enerfab has not fully performed all of its obligations under the Agreement, including but not limited to, providing certain deliverables necessary to reach final completion.

23. The Agreement establishes certain stages of completion, culminating with "Final Completion."

24. As of the date of this Complaint, Enerfab has not achieved "Final Completion," as defined in the Agreement.

25. Defendant Enerfab and the Subcontractors are no longer on the Jobsite.

26. Section 8.7(b) of the Agreement provides,

Lien Waiver and Release. As a condition of final payment, Contractor shall submit to Owner a final lien waiver and release in the form set forth in Exhibit L-2 (Form of Final Lien Waiver and Release), that all indebtedness connected with the Work for which Owner or any of their property or any property of their affiliates might in any way be responsible has been paid, waived or otherwise satisfied; but in the event any such indebtedness has not been satisfied, Contractor may satisfy this obligation if it furnishes a bond reasonably satisfactory to Owner to indemnify Owner against any such outstanding item of responsibility or obligation. If any claim of any kind or nature whatsoever is filed against the Work and such Lien arises from or is alleged to arise from any failure of Contractor to pay the indebtedness connected with the Work, Contractor shall indemnify, defend and hold Owner harmless for amounts that Owner must pay in discharging such Lien, including all costs, reasonable attorneys' fees, charges and interest. This provision shall survive any expiration or termination of this Agreement.

27. Enerfab has not provided final lien waivers and releases from itself or its subcontractors.

28. Defendant Enerfab and the Defendant Subcontractors filed mechanic's liens (hereinafter the "Liens") against the Property on the dates and in the amounts shown in the table below:

| Title | Filing date | Amount |
|---|---|---|
| Enerfab, Inc. | 11/03/2010 | $19,629,180 |
| Wagner Industrial Electric, Inc. | 09/17/2010 | $10,474,047.10 |
| Performance Contracting, Inc. | 10/20/2010 | $968,319.65 |
| Interstate Aerials, L.L.C. | 10/22/2010 | $106,606.47 |
| Miron Construction Co., Inc. | 10/22/2010 | $90,414.23 |
| Newtron, Inc. | 10/25/2010 | $25,890.61 |
| USA Hoist Company, Inc. | 12/20/2010 | $16,845.00 |

29. Defendant Enerfab did not list IPL as the Owner of the Property on its lien. Nevertheless, such lien constitutes a cloud on IPL's title which IPL desires to have quieted and the lien removed.

30. Defendant Wagner did not list IPL as the Owner of the Property on its lien. Nevertheless, such lien constitutes a cloud on IPL's title which IPL desires to have quieted and the lien removed.

31. Defendant Intestate Aerials did not list IPL as the Owner of the Property on its lien. Nevertheless, such lien constitutes a cloud on IPL's title which IPL desires to have quieted and the lien removed.

32. Defendant Newtron, Inc. did not list IPL as the Owner of the Property on its lien. Nevertheless, such lien constitutes a cloud on IPL's title which IPL desires to have quieted and the lien removed.

33. Defendant USA Hoist did not list IPL as the Owner of the Property on its lien. Nevertheless, such lien constitutes a cloud on IPL's title which IPL desires to have quieted and the lien removed.

34. Section 20.3 of the Agreement provides,

20.3 Liens. Contractor shall keep the Jobsite and improvements free from all liens, charges, claims and judgments, security interests or encumbrances ("Liens") arising out of the performance of the Work under this Agreement and shall indemnify, defend and hold harmless Owner, the Independent Engineer and RPI from and against all costs, charges and expenses including attorneys' fees and charges that Owner may incur resulting from or arising out of any such Lien. Contractor's obligations with respect to Liens covered by this Section 20.3 are subject to the conditions that:
(i) Owner gives Contractor prompt notice of any such Lien of which it has knowledge;
(ii) Owner cooperates in the defense of any such Lien; and
(iii) Owner has made all undisputed payments due and owing to Contractor under this Agreement; and
(iv) Contractor has sole control of the defense and settlement, to the extent of Contractor's liability, for any such Lien, provided that Contractor shall promptly confirm in writing its obligation to indemnify Owner with respect to all costs and expenses with respect to such Lien. Contractor shall take prompt steps to discharge any such Lien filed against the Facility, or upon any Equipment or structures encompassed therein, or upon the premises upon which they are located by any Subcontractor based on a claim for payment in connection with the Work. If Contractor fails to promptly discharge, bond or otherwise assure the payment of (as provided below) any such Lien, Owner shall promptly notify Contractor in writing and shall be entitled to take any reasonable action to satisfy, defend, settle or otherwise remove such Lien at

7

>Contractor's expense, including attorneys' fees and charges. Owner shall have the right, to (A) deduct any such expenses from any payment due, or which may become due, to Contractor or (B) to draw upon the Letter of Credit. Contractor shall have the right to contest any such Lien provided it first provides to Owner a bond or other assurances of payment reasonably satisfactory to Owner, in the amount of such Lien in form and substance satisfactory to Owner.

35. Upon service of the Liens on IPL, IPL provided Defendant Enerfab prompt notice of the Liens. As of this filing, IPL is aware of the existence of USA Hoist's Lien, but it has not been served.

36. IPL disputed and still disputes that any further payment is due to Defendant Enerfab under the Agreement.

37. IPL has made all undisputed payments to Defendant Enerfab.

38. IPL demanded Defendant Enerfab discharge, bond or otherwise assure the payment of the Liens.

39. Defendant Enerfab has not discharged, bonded or otherwise assured IPL of the Liens.

40. Section 8.10 of the Agreement required Defendant, as security for the performance of the Work and the other obligation under the Agreement, to deliver to IPL a Letter of Credit (hereinafter "Letter of Credit") with a value equal to four percent (4%) of the initial Target Cost.

41. Section 8.10 further required Defendant Enerfab to reinstate the full value of the Letter of Credit within three business days of IPL's draw on such Letter of Credit.

8

42. Defendant Enerfab delivered such Letter of Credit to IPL in the amount of $1,160,000.

43. IPL drew down the entire amount of Letter of Credit with the funds having been received by IPL on November 17, 2010.

44. IPL demanded Defendant Enerfab reinstate the Letter of Credit.

45. Defendant Enerfab has not reinstated the Letter of Credit.

46. Defendant Enerfab's compensation under the Agreement is comprised of four components. Section 8.1 of the Agreement provides, in part: "Compensation payable to Contractor shall consist of (a) Reimbursable Costs, (b) Pass-Through Costs, (c) General and Administrative Costs, and (d) the Fee."

47. IPL disputes the amount payable to Defendant Enerfab as "Reimbursable Costs" and the amount, if any, of the "Fee" due to Enerfab.

48. Pursuant to the definition contained in "Exhibit P" of the Agreement, attached hereto as Exhibit 2, "Reimbursable Costs" mean:

> [A]ctual costs, reasonably and necessarily incurred by Contractor in the proper performance of the Work, less any credits available for offsetting from the following:
>     a. Recovery of funds from Subcontractor backcharges, liquidated damages and other claims
>     b. Recovery of proceeds from insurance related to the Work
>     c. Recovery of Subcontractor warranty costs
>     d. Collections from resale of surplus materials
>     e. Trade discounts, including discounts for cash payment and prompt payment or any other rebates or credits.

49. "Fee" is defined in the Agreement to mean: "(i) with respect to all Reimbursable Costs (other than Subcontract Costs) and Extra Work, seven and three-quarter percent (7.75%) added to the sum of Reimbursable Costs or Extra Work, as applicable, plus G&A and (ii) with respect to Subcontract Costs, five percent (5%) added to the sum of the Subcontract Costs plus G&A." Exhibit 2 at p. 5.

50. Costs for which Defendant Enerfab has sought reimbursement were not reasonably and necessarily incurred by Defendant Enerfab in the proper performance of the Work.

51. Section 4.21 of the Agreement required Defendant Enerfab to make regular and accurate reports of the progress of the Work and to forecast anticipated costs to completion of the Work.

52. The Agreement required Defendant Enerfab to regularly and diligently process invoices.

53. Section 8.12(c) provides, "In the event that the Total Installed Cost for all Work performed through Final Completion exceeds the Adjusted Target Cost by more than ten percent (10%) (the "Upper Deadband"), Contractor shall be obligated to return all or a portion of the Fee previously paid by Owner through the payment of a 'Cost Overrun Fee.'"

54. To the extent the Total Installed Cost exceeds the Adjusted Target Cost by more than ten percent (10%), IPL is entitled to a Cost Overrun Fee from Defendant Enerfab.

10

55. IPL has fully performed all obligations due and required by the Agreement.

### I. BREACH OF CONTRACT (ENERFAB, INC.)

56. IPL incorporates herein paragraphs 1-55 above.

57. Defendant Enerfab has breached the Agreement by:

   a) charging IPL for costs not reasonably and necessarily incurred in the proper performance of the Work;

   b) failing to accurately and diligently process invoices;

   c) failing to accurately and diligently report the progress of the Work and the costs anticipated to completion;

   d) failing to keep the Jobsite and improvements free from all liens, charges, claims and judgments, security interests or encumbrances arising out of the performance of the Work;

   e) failing to satisfy, defend, settle or otherwise remove the Liens at Enerfab's expense;

   f) failing to post a bond to discharge the Liens;

   g) failing to reinstate the Letter of Credit;

   h) failing to provide all deliverables under the Agreement and otherwise achieve Final Completion of the Work;

   i) failing to pay a Cost Overrun Fee.

58. Defendant Enerfab's breaches were material.

59. Defendant Enerfab's breaches were the proximate cause of damages to IPL in an amount not yet ascertained but in excess of the minimum amount required for the jurisdiction of this Court.

60. Pursuant to the Agreement, IPL is entitled to indemnification from Defendant Enerfab for amounts that IPL may be required to pay to discharge the Liens, including all costs, reasonable attorneys' fees, charges and interest.

61. Pursuant to the Agreement, IPL is entitled to recover against Defendant Enerfab its reasonable attorney fees and expenses arising out of the Liens.

WHEREFORE, Plaintiff Interstate Power and Light Company prays for judgment against Defendant Enerfab, Inc. in such amount as to fully and fairly compensate it for the damages it has suffered, plus interest at as permitted by the Agreement and by law, attorneys' fees and the cost of this action. Plaintiff further prays for such other and further relief as deemed equitable in the premises.

## II. INJUNCTIVE RELIEF (ENERFAB, INC.)

62. IPL incorporates herein paragraphs 1-60 above.

63. Immediate injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65(a).

64. Defendant is continuing to violate its contractual duty to keep the Property free and clear of liens and encumbrances and failing to reinstate its Letter of Credit.

65. By virtue of the foregoing, IPL has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Defendant Enerfab.

66. Unless Defendant Enerfab is required to post a bond or bonds as specifically required by the Agreement and allowed by Iowa Code § 572.15, IPL will be irreparably harmed by being subject to a multiplicity of actions regarding the mechanic's liens and present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

67. IPL has no adequate remedy at law.

WHEREFORE, IPL respectfully requests that a Temporary Restraining Order and/or a Preliminary Injunction issue immediately, requiring Defendant Enerfab to:

(a) Dismiss its mechanic's lien;

(b) Reinstate the Letter of Credit;

(c) Post a bond as permitted by Iowa Code § 572.15 in an amount sufficient to discharge the liens of its subcontractors; and

(d) Indemnify, defend and hold harmless IPL from and against all costs, charges and expenses including attorneys' fees and charges that IPL may incur resulting from or arising out of any the liens of Enerfab's subcontractors.

### III. CLAIMS AGAINST ALL DEFENDANTS

68. IPL incorporates herein paragraphs 1-66 above.

13

69. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy between the parties.

70. There exists an actual controversy between IPL and the Defendant Enerfab within the jurisdiction of this Court and involving the rights and liabilities under the Agreement.

71. There exists an actual controversy between and among IPL and Defendants Wagner, Miron, Performance, Newtron, Interstate Aerials and USA Hoist regarding their mechanic's lien claims.

72. Iowa Code § 572.16 expressly permits this action to challenge mechanic's liens.

73. On information and belief, IPL states the charges shown in the Liens are not the actual and reasonable charges for the claimed labor, equipment and materials provided by Defendant Enerfab's subcontractors.

74. On information and belief, IPL contends Defendants are not entitled to recover in the amounts and for the labor and materials claimed.

75. To the extent the Subcontractors are entitled to recover for any labor or materials, such recovery should be limited to the bond Defendant Enerfab is required to post pursuant to the Agreement and which IPL seeks to compel in this action.

76. The Agreement provides for Audit on an "openbook" basis. Exhibit 1, § 25.10.

77. Enerfab and its Subcontractors who provided work under a reimbursable cost contract were required to maintain complete, timely and accurate books and records to allow IPL to audit all amounts billed under the Agreement or relating to the quantity of units billed under any unit pricing agreed to by the Parties for a minimum of six (6) years following the performance of, delivery to IPL of, or payment by IPL for, such Work or units. *Id.*

78. The Agreement provides for adjustment of payment previously made for any overpayment disclosed by such audit. *Id.*

Wherefore, IPL prays this Court:

A. Determine and adjudicate the rights and liabilities of the parties herein with respect to the Target Cost Construction Agreement between Interstate Power and Light Company and Enerfab, Inc.

B. Determine and adjudicate the rights and liabilities of the parties herein with respect to the mechanic's liens filed against the Property;

C. Find and declare that Defendants' mechanic's liens are invalid;

D. Find and declare that Defendant Enerfab's Subcontractors' recovery for labor and materials shall be limited to the bond Defendant Enerfab is required to post to discharge such liens;

E. Require Defendants to submit to the audit requirements of the Agreement and, upon completion of such audit, enter judgment

against Defendants for any overpayment disclosed by the audit together with interest as allowed by law and the costs of this action;

F. Quiet title in the Property in Interstate Power and Light Company;

G. Order such other and further relief as deemed equitable in the premises.

/s/ Mark A. Roberts

LEONARD T. STRAND
MARK A. ROBERTS AT0006579
*SIMMONS PERRINE PLC*
115 Third Street, S.E., Suite 1200
Cedar Rapids, IA 52401-1206
Phone: (319) 366-7641
Facsimile: (319) 366-1917
Email: lstrand@simmonsperrine.com
mroberts@simmonsperrine.com

INTERSTATE POWER AND LIGHT COMPANY

STATE OF IOWA  )
              )
COUNTY OF LINN )

I, Thomas L. Aller, being first duly sworn, state that I am the President of Interstate Power and Light Company, the plaintiff herein; that I have read the Complaint and the allegations therein contained are true and correct as I verily believe.

_____
THOMAS L. ALLER

Subscribed and sworn to before me by THOMAS L. ALLER on JANUARY 26, 2011.

_____
NOTARY PUBLIC-STATE OF IOWA



MARK A. ROBERTS
COMMISSION # 225934
MY COMMISSION EXPIRES
Dec. 14, 2011